This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: August 24, 2023**

**No. S-1-SC-38030**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BRANDON LOPEZ,**

      Defendant-Appellant.

**CAPITAL APPEAL**
**Emilio Chavez, District Judge**

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Associate Appellate Defender
Santa Fe, New Mexico

for Appellant

Raúl Torrez, Attorney General
Erica Schiff, Assistant Attorney General
Santa Fe, New Mexico

for Appellee

### DISPOSITIONAL ORDER OF AFFIRMANCE

**PER CURIAM.**

**{1}** WHEREAS, this matter comes before the Court on the direct appeal of Brandon Lopez (Defendant) from his conviction for first-degree depraved-mind murder, a capital felony, NMSA 1978, § 30-2-1(A)(3) (1994), in pertinent part; *see* Rule 12-102(A)(1) NMRA (providing that capital appeals "shall be taken to the Supreme Court");

**{2}** WHEREAS, Defendant asks this Court to reverse his conviction on the grounds that George Harrison (trial counsel) rendered ineffective assistance of counsel when he (1) failed to investigate or call an expert witness to testify about Defendant's mental condition, (2) rejected instructions on second-degree murder and voluntary manslaughter as step-down instructions for first-degree depraved-mind murder, and (3) committed other errors—including that he filed a late motion to suppress, he failed to object to officers' testimony, and he tendered poorly worded jury instructions—that cumulatively form the basis for an ineffective assistance of counsel claim;

**{3}** WHEREAS, this Court generally prefers that ineffective assistance of counsel claims be brought in collateral habeas corpus proceedings so that a defendant may adequately develop a record of defense counsel's performance. *State v. Rivas*, 2017-NMSC-022, ¶ 23, 398 P.3d 299;

**{4}** WHEREAS, to prevail on an ineffective assistance of counsel claim on direct appeal, the defendant must show (1) "that defense counsel's performance fell below the standard of a reasonably competent attorney," and (2) "due to the deficient performance, the defense was prejudiced." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 17, 130 N.M. 179, 21 P.3d 1032, *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 72, 478 P.3d 880;

**{5}** WHEREAS, this Court "will not second-guess counsel's strategic judgment unless the conduct does not conform with an objective standard of reasonableness." *State v. Tafoya*, 2012-NMSC-030, ¶ 59, 285 P.3d 604;

**{6}** WHEREAS, this Court affords "a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Garcia v. State*, 2010-NMSC-023, ¶ 30, 148 N.M. 414, 237 P.3d 716 (quoting *Strickland v. Washington,* 466 U.S. 668, 689 (1984));

**{7}** WHEREAS, this Court will find that the defense was prejudiced "when there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105, (quoting *Strickland*, 466 U.S. at 694); *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850 *and abrogated on other grounds by State v. Montoya*, 2015-NMSC-010, ¶ 36, 345 P.3d 1056;

**{8}** WHEREAS, the existing record does not show that trial counsel's performance fell below the standard of a reasonably competent attorney;

**{9}** WHEREAS, trial counsel's actions that Defendant challenges may be considered sound trial strategy;

**{10}** WHEREAS, even if trial counsel's performance fell below the standard of a reasonably competent attorney, the existing record before this Court does not show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;

**{11}** WHEREAS, this Court concludes that Defendant has not established a prima facie case of ineffective assistance of counsel based on the existing record before this Court;

**{12}** WHEREAS, Defendant's ineffective assistance claim is more appropriately suited for a habeas corpus proceeding, wherein a factual record regarding trial counsel's performance may be more fully developed. *See Rivas*, 2017-NMSC-022, ¶ 23 (asserting that this Court prefers "that ineffective assistance claims be brought in collateral proceedings so that defendants may adequately develop a record of counsel's conduct"); Rule 5-802 NMRA (detailing the procedure for habeas corpus proceedings);

**{13}** WHEREAS, this Court has considered the briefs and is otherwise fully informed on the issues and applicable law; and

**{14}** WHEREAS, this Court hereby exercises its discretion under Rule 12-405(B)(1)-(2) NMRA to dispose of this case by nonprecedential order rather than a formal opinion;

**{15}** NOW, THEREFORE, IT IS ORDERED that Defendant's conviction for first-degree murder is affirmed.

**{16}  IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**